

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-43,489-15

**EX PARTE KEVIN LEE MCCARROLL, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 4288-H IN THE 50ᵀᴴ DISTRICT COURT
## FROM BAYLOR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to thirty years' imprisonment.

Applicant contends that he is being denied release to mandatory supervision. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General

Counsel to file an affidavit stating whether or not Applicant is eligible for mandatory supervision release and if not, why not. If Applicant is eligible for mandatory supervision release, the affidavit shall also detail Applicant's time credits and state why he has not yet been released to mandatory supervision.

The trial court may also order depositions, interrogatories or a hearing. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant is eligible for mandatory supervision release and if so, why he has not yet been released. The trial court shall also make findings and conclusions as to whether Applicant is receiving the proper amount of time credit. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: December 11, 2019
Do not publish